**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50287 |
| Plaintiff-Appellee, | D.C. No. 8:13-cr-00187-AG-1 |
| v. | |
| JOSE CEJA GUTIERREZ, AKA Jose Alfredo Ceja, AKA Jose Alfredo Ceja-Gutierrez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Jose Ceja Gutierrez appeals from the district court's judgment revoking

supervised release and challenges the court's imposition of a 12-month term of

supervised release to follow the 18-month custodial sentence.  We have

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gutierrez contends that the district court procedurally erred by failing to provide a specific and particularized explanation for its decision to impose a term of supervised release notwithstanding his probable deportation upon completion of his term of imprisonment and the Guidelines' recommendation against imposing a supervised release term in such cases. *See* U.S.S.G. § 5D1.1(c). The district court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The court heard argument from the government regarding the need to deter Gutierrez, whose revocation was based on two unlawful reentries, and its recommendation that the court impose a 3-year term of supervised release. The court elected instead to impose a 12-month term. The court's reasons for imposing this term are apparent from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *see also* U.S.S.G. § 5D1.1 cmt. n.5 (district court may impose a supervised release term on a deportable defendant if it would provide additional deterrence).[1] Even assuming the court erred, Gutierrez has not shown a reasonable probability that it would have imposed a shorter term absent the error. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**

---

[1] We need not decide whether the government is correct that U.S.S.G. § 5D1.1 does not apply to revocation proceedings because Gutierrez's claim fails even if it applies.